# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1456

_____

Kenneth Edward Murray,                       *
                                             *
            Appellant,                       *
                                             *
Gerald Hollins,                              *
                                             *
            Plaintiff,                        *
                                             *
      v.                                     *
                                             *
Dennis Benson, Warden, Minnesota             *   Appeal from the United States
Correctional Facility, Stillwater;           *   District Court for the
Robert L. Aufderhar; Seath, Sergeant,        *   District of Minnesota
sued in their individual and official        *
capacities; Robin Haffner; Chris             *        [UNPUBLISHED]
Stickel; Beth Norby; Roger Carr;             *
Scott Klaes; Lisa Thome; Brad Patet,         *
sued in their individual capacities,         *
                                             *
            Appellees.                       *

_____

Submitted:  July 6, 2000

Filed:  July 12, 2000

_____

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

_____

PER CURIAM.

Minnesota inmate Kenneth E. Murray appeals from the final judgment entered in the District Court[1] for the District of Minnesota, granting summary judgment to prison officials in his 42 U.S.C. § 1983 action. For reversal, Murray argues the district court erred in not considering whether defendants needed to use force in transporting him to segregation and in not finding that his medical problems (related to sinusitis) resulted from being placed in a recently painted observation cell. For the following reasons, we affirm the judgment of the district court.

Upon de novo review, see Rouse v. Benson, 193 F.3d 936, 939 (8th Cir. 1999), we conclude that summary judgment for the prison officials was appropriate. To show defendants used excessive force, Murray had to demonstrate that they used force maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986). We find the correctional officer's raising Murray's handcuffed arms while escorting him to segregation is not the type of force repugnant to the conscience of mankind, given the lack of any resulting injury other than some pain which was not documented in Murray's medical records. See Hudson v. McMillian, 503 U.S. at 9-10 (de minimis uses of physical force not repugnant to conscience of mankind do not constitute excessive force); cf. White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994) (where inmate admitted he was not in pain immediately after altercation and there was no evidence inmate's perforated ear drum was related to altercation, amount of force used on nonresisting inmate was de minimis and not inhuman).

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

Murray has requested remand to add as a defendant another corrections officer whom he claims shoved him into a cell wall while removing his handcuffs. We deny remand because Murray did not move in the district court to add this defendant and the evidence shows he suffered only de minimis injuries from this alleged incident.

As to the conditions of the observation cell, Murray had to show that the inadequate ventilation was objectively and sufficiently serious and resulted in the denial of the minimal civilized measure of life's necessities, and that defendants knew of and disregarded an excessive risk to his health or safety. See Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995). We find Murray failed to create a genuine issue as to whether defendants knowingly subjected him to an excessive health risk, because he attested that he did not complain to them about the paint fumes. Observation-watch logs, moreover, show defendants checked on Murray at least twice every hour, and there is no entry indicating he could not breathe or was in any physical distress. See id. at 445-46 (rejecting challenge to four-day placement in strip cell because inmate did not suffer injury, nor was his health impaired, and there was no evidence defendants knew of inmate's complaints about cell or of any risk to his health).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-